The Honorable Nancy Farmer Representative, District 64 State Capitol Building, Room 400CC Jefferson City, Missouri 65101
Dear Representative Farmer:
This opinion letter pursuant to Section 105.955.16(2), RSMo Supp. 1992, is in response to your question asking whether or not there is a conflict of interest in your potential employment with Jeanneret and Associates. You have explained that Jeanneret and Associates is a management consulting firm currently under contract with the State of Missouri, Department of Highways and Transportation. You are considering employment in their St. Louis office working on a contract with a private sector company and performing office administration duties. You indicate you will not be involved in the project with the Department of Highways and Transportation.
The statutory section most applicable to your inquiry is Section 105.456, RSMo Supp. 1992, which prohibits certain acts by members of the General Assembly. Such section provides:
 105.456. Prohibited acts by members of general assembly and statewide elected officials, exceptions. — 1. No member of the general assembly or the governor, lieutenant governor, attorney general, secretary of state, state treasurer or state auditor shall:
 (1) Perform any service for the state or any political subdivision of the state or any agency of the state or any political subdivision thereof or act in his official capacity or perform duties associated with his position for any person for any consideration other than the compensation provided for the performance of his official duties; or
 (2) Sell, rent or lease any property to the state or political subdivision thereof or any agency of the state or any political subdivision thereof for consideration in excess of five hundred dollars per annum unless the transaction is made pursuant to an award on a contract let or sale made after public notice and in the case of property other than real property, competitive bidding, provided that the bid or offer accepted is the lowest received; or
 (3) Attempt, for compensation other than the compensation provided for the performance of his official duties, to influence the decision of any agency of the state on any matter, except that this provision shall not be construed to prohibit such person from participating for compensation in any adversary proceeding or in the preparation or filing of any public document or conference thereon. The exception for a conference upon a public document shall not permit any member of the general assembly or the governor, lieutenant governor, attorney general, secretary of state, state treasurer or state auditor to receive any consideration for the purpose of attempting to influence the decision of any agency of the state on behalf of any person with regard to any application, bid or request for a state grant, loan, appropriation, contract, award, permit other than matters involving a driver's license, or job before any state agency, commission, or elected official. Notwithstanding Missouri supreme court rule 1.10 of rule 4 or any other court rule or law to the contrary, other members of a firm, professional corporation or partnership shall not be prohibited pursuant to this subdivision from representing a person or other entity solely because a member of the firm, professional corporation or partnership serves in the general assembly, provided that such official does not share directly in the compensation earned, so far as the same may reasonably be accounted, for such activity by the firm or by any other member of the firm. This subdivision shall not be construed to prohibit any inquiry for information or the representation of a person without consideration before a state agency or in a matter involving the state if no consideration is given, charged or promised in consequence thereof.
 2. No sole proprietorship, partnership, joint venture, or corporation in which a member of the general assembly, governor, lieutenant governor, attorney general, secretary of state, state treasurer, state auditor or spouse of such official, is the sole proprietor, a partner having more than a ten percent partnership interest, or a coparticipant or owner of in excess of ten percent of the outstanding shares of any class of stock, shall:
 (1) Perform any service for the state or any political subdivision thereof or any agency of the state or political subdivision for any consideration in excess of five hundred dollars per annum unless the transaction is made pursuant to an award on a contract let or sale made after public notice and competitive bidding, provided that the bid or offer accepted is the lowest received; or
 (2) Sell, rent, or lease any property to the state or any political subdivision thereof or any agency of the state or political subdivision thereof for consideration in excess of five hundred dollars per annum unless the transaction is made pursuant to an award on a contract let or a sale made after public notice and in the case of property other than real property, competitive bidding, provided that the bid or offer accepted is the lowest and best received. [Emphasis added.]
As emphasized above, Section 105.456.1(3) prohibits a member of the General Assembly from attempting, for compensation other than that provided for performing official duties, to influence the decision of any agency of the state on any matter. The facts you have provided explain that you will have no involvement with the contract with the Department of Highways and Transportation or, we assume, with any other state agency. Based on the facts you have provided, we conclude such employment would not be in violation of Section 105.456.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General